UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES, CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES, CENTRAL LABORERS' ANNUITY FUND BOARD OF TRUSTEES, and BARRY McANARNEY,<br><br>          Plaintiffs,<br>v.<br><br>ERA - VALDIVIA CONTRACTORS, INC., an Illinois corporation, and JOSE GUADALUPE VALDIVIA, individually,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    FILED: April 01, 2008<br>          08CV1867    AEE<br>          JUDGE   LEFKOW<br>          MAGISTRATE JUDGE MASON |

## COMPLAINT

Plaintiffs CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES, CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES, CENTRAL LABORERS' ANNUITY FUND BOARD OF TRUSTEES, and BARRY McANARNEY, by and through their attorneys, Daley and George, Ltd., complaining against Defendants ERA - VALDIVIA CONTRACTORS, INC. and JOSE GUADALUPE VALDIVIA, allege as follows:

**COUNT I**
**(ERISA COLLECTION – ERA - VALDIVIA CONTRACTORS, INC.)**

1. This action arises out of the violation of a contract between an employer and a labor organization, and Plaintiffs seek to enforce the contract to obtain contributions to fringe benefit funds. Jurisdiction is based on Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §§ 1132, 1145), as amended, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA") (29 U.S.C. § 185), as amended, as more fully described below. Venue is founded pursuant to 29 U.S.C. § 1132 and 29 U.S.C. § 185 in the Northern District of Illinois.

2. The CENTRAL LABORERS' PENSION FUND, CENTRAL LABORERS' WELFARE FUND, and CENTRAL LABORERS' ANNUITY FUND (collectively the "Funds") receive contributions from numerous employers pursuant to collective bargaining agreements (collectively the "Collective Bargaining Agreement") between the employers and the North Central Illinois Laborers' District Council and its affiliated local unions (collectively the "Union"). The Funds are administered in accordance with and pursuant to the provisions of ERISA and other applicable federal and state laws. The Funds are administered pursuant to the terms and provisions of Agreements and Declarations of Trust ("Trust Agreements"). The Funds are employee benefit plans within the meaning of Section 3 of ERISA (29 U.S.C. § 1002(3)).

3. CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES and CENTRAL LABORERS' ANNUITY FUND BOARD OF TRUSTEES each consist of: Ed Smith, James Bruner, Chip Reyhan, Jr., Joe Lamb, Charles Adams, Ken Kilian, Steve Morthole, John Holub, John E. Goetz, Danny Maycroft, Glyn Ramage, John R. Taylor, Terry Kipping, John Penn, Frank Hovar, and Brad Shaive. Plaintiff CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES consists of: Tim Garvey, Kenton Day, Greg Neff, Ed Doyle, Scott Larkin, John Peisker, Martin Easterling, Nick Ceretto, Jim Kellus, Steve Trokey, Marc Manuel, and Dale Pickerill. Plaintiff BARRY McANARNEY is the Executive Director of the Funds. All of the individuals named in this paragraph are fiduciaries of the Funds as that term is defined in ERISA and are authorized to commence a civil action to enforce the obligations that ERISA imposes upon employers.

4. The Union is a labor organization representing employees in an industry affecting commerce as defined by Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

5. CENTRAL LABORERS' PENSION FUND is authorized by the North Central Illinois Laborers' District Council to identify and collect delinquent contributions due its affiliated local unions and fringe benefit funds.

6. ERA - VALDIVIA CONTRACTORS, INC. is an Illinois corporation doing business in the Northern District of Illinois. ERA - VALDIVIA CONTRACTORS, INC. is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

7. ERA - VALDIVIA CONTRACTORS, INC. became a party to and bound by the Collective Bargaining Agreement by virtue of its executing one or more agreements, including a memorandum of agreement entered into on or about October 14, 2002 (collectively, the "Memorandum of Agreement"). ERA - VALDIVIA CONTRACTORS, INC. has never terminated the agreements and they remain in effect.

8. ERA - VALDIVIA CONTRACTORS, INC. became a party to and bound by the Trust Agreements by virtue of certain provisions contained in the Memorandum of Agreement.

9. ERA - VALDIVIA CONTRACTORS, INC. became a party to and bound by the Trust Agreements by virtue of its execution of one or more participation agreements with the Funds, including participation agreements entered into on or about October 14, 2002 and September 23, 2004.

10. ERA - VALDIVIA CONTRACTORS, INC. became a party to and bound by the Trust Agreements by virtue of certain provisions contained in employer contribution report forms that it signed and submitted to the Funds.

11. ERA - VALDIVIA CONTRACTORS, INC. became a party to and bound by the Trust Agreements by virtue of its withholding of (some but not all) payroll amounts for employee fringe benefit contributions consistent with the Trust Agreements.

12. ERA - VALDIVIA CONTRACTORS, INC. became a party to and bound by the Trust Agreements by making (some but not all) employee fringe benefit contributions to the Funds.

13. Under the terms of the Collective Bargaining Agreement and Trust Agreements, ERA - VALDIVIA CONTRACTORS, INC. is required to make contributions to Union fringe benefit funds on behalf of employees performing work covered by the Collective Bargaining Agreement, said contributions to be at the hourly rates indicated in the Collective Bargaining Agreement and Trust Agreements.

14. Based on employer reports, ERA - VALDIVIA CONTRACTORS, INC. failed and refused to pay all contributions for the following months when due in accordance with the provisions of the Collective Bargaining Agreement and Trust Agreements. Delinquent contributions include but may not be limited to the following:

| | |
|---|---|
| **Report Form Shortage (10/2003):** | **$6.21** |
| **Report Form Shortage (05/2004):** | **$20.20** |
| **Total:** | **$26.41** |

15. ERA - VALDIVIA CONTRACTORS, INC. additionally failed and refused to timely pay contributions for the following months when due in accordance with the provisions of the Trust Agreements and Collective Bargaining Agreement:

| | |
|---|---|
| Late Payment (06/2003 Local 803): | $293.80 |
| Late Payment (07/2003 Local 803): | $427.70 |
| Late Payment (07/2003 Local 1330): | $326.30 |
| Late Payment (05/2004 Local 165): | $524.38 |
| Late Payment (06/2004 Local 165): | $2,443.75 |
| Late Payment (04/2007 Local 165): | $1,699.39 |

16. The Trust Agreements provide for a penalty assessment equal to 10% of the contributions unpaid on the 15th day of the month next following the month for which the contributions are due.

17. Because contributions were not paid when due, ERA - VALDIVIA CONTRACTORS, INC. incurred 10% penalty assessments in accordance with the Trust Agreements totaling not less than the following:

| | |
|---|---|
| **Late Penalty / Liquidated Dam. (06/2003 Local 803):** | **$29.38** |
| **Late Penalty / Liquidated Dam. (07/2003 Local 803):** | **$42.77** |
| **Late Penalty / Liquidated Dam. (07/2003 Local 1330):** | **$32.63** |
| **Late Penalty / Liquidated Dam. (05/2004 Local 165):** | **$52.44** |
| **Late Penalty / Liquidated Dam. (06/2004 Local 165):** | **$244.38** |
| **Late Penalty / Liquidated Dam. (04/2007 Local 165):** | **$169.94** |
| **Total:** | **$571.54** |

18. The total amount owed by ERA - VALDIVIA CONTRACTORS, INC. pursuant to the Trust Agreements is not less than $**597.95**, consisting of not less than $26.41 in delinquent fringe benefit contributions and $571.54 in late penalties.

19. ERA - VALDIVIA CONTRACTORS, INC. has failed and refused to pay the amount of $597.95 known to be due to Plaintiffs.

20. Plaintiffs have complied with all conditions precedent in bringing this suit.

21. The Plaintiffs have been required to employ auditors and the undersigned attorneys to compel the audit of the books and records of ERA - VALDIVIA CONTRACTORS, INC.

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment against ERA - VALDIVIA CONTRACTORS, INC. in favor of Plaintiffs.

B. Order ERA - VALDIVIA CONTRACTORS, INC. to pay Plaintiffs $597.95, plus any additional amount shown to be due pursuant to any subsequent audit.

C.   Order ERA - VALDIVIA CONTRACTORS, INC. to perform and continue to perform all obligations it has undertaken with respect to the Funds.

D.   Order ERA - VALDIVIA CONTRACTORS, INC. to pay interest, costs, and reasonable attorney's fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

E.   Grant Plaintiffs such other and further relief as the Court may deem just.

## COUNT II
### (ERISA AUDIT –ERA - VALDIVIA CONTRACTORS, INC.)

1. - 21.   Plaintiffs reallege paragraphs 1 - 21 of Count I.

22.   Pursuant to the provisions of ERISA, the Collective Bargaining Agreement, and the Trust Agreements, ERA - VALDIVIA CONTRACTORS, INC. is required to provide access to such records as are necessary for the Funds to determine whether there has been compliance with obligations to contribute to the Funds.

23.   Upon information and belief, ERA - VALDIVIA CONTRACTORS, INC. has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the Collective Bargaining Agreement and Trust Agreements to which it is bound, all in violation of its contractual and statutory obligations.

24.   ERA - VALDIVIA CONTRACTORS, INC. has failed and refused to provide access to such records as are necessary for the Funds to determine whether there has been compliance with obligations to contribute to the Funds.

25.   The Plaintiffs have been required to employ auditors and the undersigned attorneys to compel the audit of the books and records of ERA - VALDIVIA CONTRACTORS, INC.

WHEREFORE, Plaintiffs respectfully request that this Court:

A.   Enter judgment against ERA - VALDIVIA CONTRACTORS, INC. in favor of Plaintiffs.

  B. Order ERA - VALDIVIA CONTRACTORS, INC. to provide access to its records so that an audit can be performed to determine whether it has complied with contribution requirements.

  C. Order ERA - VALDIVIA CONTRACTORS, INC. to pay all fringe benefit contributions and assessment penalties that may be shown to be due after an audit.

  D. Order ERA - VALDIVIA CONTRACTORS, INC. to perform and continue to perform all obligations it has undertaken with respect to the Funds.

  E. Order ERA - VALDIVIA CONTRACTORS, INC. to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

  E. Grant Plaintiffs such other and further relief as the Court may deem just.

## COUNT III
## (AGAINST JOSE GUADALUPE VALDIVIA)

1. This Count arises from a common nucleus of operative facts with Count I and Count II and is pendent to those counts.

2. - 22. Plaintiffs reallege paragraphs 1 - 21 of Count I.

23. - 26. Plaintiffs reallege paragraphs 22 - 25 of Count II.

<u>Breach of Contract / Trust Agreements</u>

27. Plaintiffs are advised and believe that JOSE GUADALUPE VALDIVIA is the President, Chief Executive Officer, Chief Financial Officer, and Chief Operating Officer of ERA - VALDIVIA CONTRACTORS, INC. and is in control of the corporation. Further, Plaintiffs are advised and believe that JOSE GUADALUPE VALDIVIA is a director of ERA - VALDIVIA CONTRACTORS, INC.

28. Pursuant to the Memorandum of Agreement to which ERA - VALDIVIA CONTRACTORS, INC. agreed to be bound, where there is any willful violation of any of the

requirements of the Trust Agreements, the officers and directors of the employer shall be personally liable for any underpayment or other pecuniary loss to the Funds as a result of such conduct.

29. Pursuant to the Trust Agreements establishing the Funds, to which ERA - VALDIVIA CONTRACTORS, INC. and JOSE GUADALUPE VALDIVIA agreed to be bound, where there is any willful violation of any of the requirements of the Trust Agreements, the officers and directors of the employer who supervised the completion of report forms, signed report forms, or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Funds as a result of such conduct.

30. Plaintiffs are informed and believe that JOSE GUADALUPE VALDIVIA did so supervise the completion of report forms, sign report forms, and had personal knowledge of the willful violations of the requirements of the Trust Agreements and the Collective Bargaining Agreement, making JOSE GUADALUPE VALDIVIA personally liable for the money owed to the Funds by ERA - VALDIVIA CONTRACTORS, INC.

Fraud

31. JOSE GUADALUPE VALDIVIA, acting through and in conjunction with ERA - VALDIVIA CONTRACTORS, INC., caused the company to withhold fringe benefit contribution payroll amounts but, instead of paying the fringe benefit contributions to the Funds, he took personal draws from the company and otherwise caused the withheld funds to be used for his own benefit.  By doing so, JOSE GUADALUPE VALDIVIA, was defrauding the Funds, the Union and the company's employees.  By engaging in such fraud and conspiracy, JOSE GUADALUPE VALDIVIA is personally liable for the money owed to the Funds by ERA - VALDIVIA CONTRACTORS, INC.

### Conversion

32.     JOSE GUADALUPE VALDIVIA, acting through and in conjunction with ERA - VALDIVIA CONTRACTORS, INC., caused the company to withhold fringe benefit contribution payroll amounts but, instead of paying the fringe benefit contributions to the Funds, he took personal draws from the company and otherwise caused the withheld funds to be used for his own benefit.  By doing so, JOSE GUADALUPE VALDIVIA was converting the assets of the Funds, the Union and the company's employees.  By engaging in such conversion and conspiracy, JOSE GUADALUPE VALDIVIA is personally liable for the money owed to the Funds by ERA - VALDIVIA CONTRACTORS, INC.

### Breach of Fiduciary Duty

33.     JOSE GUADALUPE VALDIVIA, acting through and in conjunction with ERA - VALDIVIA CONTRACTORS, INC., caused the company to withhold fringe benefit contribution payroll amounts but, instead of paying the fringe benefit contributions to the Funds, he took personal draws from the company and otherwise caused the withheld funds to be used for his own benefit.  By doing so, JOSE GUADALUPE VALDIVIA assumed fiduciary responsibility to the Funds and breached that fiduciary responsibility, making him personally liable for the money owed to the Funds by ERA - VALDIVIA CONTRACTORS, INC.

34.     All fringe benefit contributions not paid by ERA - VALDIVIA CONTRACTORS, INC. when due became assets of the Funds within the meaning of 29 U.S.C. § 1002(21)(A).  In exercising authority and control over such assets JOSE GUADALUPE VALDIVIA assumed fiduciary responsibility to the Funds and breached that fiduciary responsibility by failing to cause ERA - VALDIVIA CONTRACTORS, INC. to remit required contributions, making him personally liable for the money owed to the Funds by ERA - VALDIVIA CONTRACTORS, INC.

<u>Piercing the Corporate Veil</u>

35. There is a unity of interest and ownership between ERA - VALDIVIA CONTRACTORS, INC. and JOSE GUADALUPE VALDIVIA such that the separate personalities of the corporation and the individual no longer exist, and adherence to the fiction of a separate corporate existence would sanction a fraud, promote injustice, and promote inequitable consequences, making JOSE GUADALUPE VALDIVIA personally liable for the money owed to the Funds by ERA - VALDIVIA CONTRACTORS, INC.

WHEREFORE, Plaintiffs respectfully request that this Court:

A.  Enter judgment against JOSE GUADALUPE VALDIVIA in favor of Plaintiffs.

B.  Order JOSE GUADALUPE VALDIVIA to pay Plaintiffs $597.95, plus any additional amount shown to be due.

C.  Order JOSE GUADALUPE VALDIVIA to pay all fringe benefit contributions and assessment penalties that may be shown to be due after an audit.

D.  Order JOSE GUADALUPE VALDIVIA to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

E.  Order JOSE GUADALUPE VALDIVIA to pay punitive damages.

F.  Grant Plaintiffs such other and further relief as the Court may deem just.

Respectfully submitted,
CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES, CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES, CENTRAL LABORERS' ANNUITY FUND BOARD OF TRUSTEES, and BARRY McANARNEY

By: /s/ Richard Toth
One of Their Attorneys

DALEY AND GEORGE, LTD.
20 S. Clark St., Suite 400
Chicago, Illinois 60603
(312) 726-8797